UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alexis F. Harvey

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

Business Integrity Commission, Cindy Haskins,

David A. Feldman, Elizabeth Crotty, David Mandell,

Tetiana Geletei

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?

☒ Yes   ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

2024 FEB -6 PM 1:05

SDNY PRO SE OFFICE
RECEIVED

Rev. 3/24/17

Defendant 3:

**David A. Feldman**
Name

**100 Church Street, 20th Floor**
Address where defendant may be served

**Manhattan, New York**   **NY**   **10007**
County, City   State   Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:
**Business Integrity Commission**
Name

**100 Church Street, 20th Floor**
Address

**Manhattan, New York**   **NY**   **10007**
County, City   State   Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒ race:  **African-American**

☒ color:  **Black**

☐ religion:

☒ sex:  **Female**

☐ national origin:

**B. Defendant Information (Continued)**

Defendant 4: Elizabeth Crotty
100 Church Street, 20th Floor
New York, NY 10007

Defendant 5: David Mandell
100 Church Street, 20th Floor
New York, NY 10007

Defendant 6: Tetiana Geletei
100 Church Street, 20th Floor
New York, NY 10007

**B. Other Claims (Continued)**

The New York City Employment Discrimination Law, 1991; The New York Civil Rights Law; The New York Equal Pay Law, N.Y. Labor Code Article 6 § 194,198; The New York Lawful Activities Law, N.Y. Labor Code Article 7 § 201-d; The New York Prohibition Against Penalizing Employees Because of Complaints of Employer Violations, N.Y. Labor Code Article 7 § 215;

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☒ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☒ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

Please see facts attached

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## B. Facts

In September 2019, Alexis Harvey became employed by the City of New York's Business Integrity Commission as a Community Associate, earning an annual salary plus full benefits, including paid family leave, entitlement to the right to take family and medical leave, work from home, and other employee benefits. Alexis had a successful career before her accommodation and/or leave request, evidenced by the Business Integrity Commission's performance evaluation and positive feedback from her supervisor and colleagues. In or about April 2021, Alexis requested work accommodation to care for a child whose place of care was closed due to COVID-19 under the Families First Coronavirus Response Act, an extension of the Family and Medical Leave Act. She was harassed with disparaging remarks and increased scrutiny of the need to care for a child by her superiors. Alexis faced scrutiny regarding childcare, her child's health, and her marital status, in particular, that Alexis was an African American single mother. Upon her return from leave, she experienced exclusion from work, deprivation of opportunity, unfair compensation, and treatment. On August 1, 2022, Alexis complained to the agency's Chief Diversity Officer then her treatment worsened, filing a formal complaint on August 22, 2022, and an additional complaint on September 6, 2022. The consistent unwanted retaliatory harassment, conduct, and disparate treatment led her to resign from her position on October 11, 2022.

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 2/6/24 | | | *[signature]* |
|---|---|---|---|
| Dated | | | Plaintiff's Signature |
| Alexis | F. | | Harvey |
| First Name | Middle Initial | | Last Name |
| 1497 Park Ave | | | |
| Street Address | | | |
| Nassau, Merrick | | NY | 11566 |
| County, City | | State | Zip Code |
| 3473431604 | | | alexisfharvey3@gmail.com |
| Telephone Number | | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/09/2023

**To:** Ms. Alexis F. Harvey
1497 Park Ave
NORTH MERRICK, NY 11566
Charge No: 520-2023-05315

EEOC Representative and email:   PAUL ESPOSITO
Investigator
paul.esposito@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
11/09/2023
Timothy Riera
Acting District Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

> **are not considered** in determining if the impairment substantially limits a major life activity.
>
> ☐ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
>
> ☐ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

## "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

> ☐ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
>
> ☐ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
>
> ☐ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://wwww.eeoc.gov/laws/types/disability_regulations.cfm.*

EEOC Form 5 (11/09)

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 520-2023-05315 |

| New York State Division Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Alexis F. Harvey | (347) 343-1604 | 1991 |

Street Address

1497 Park Ave

NORTH MERRICK, NY 11566

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Business Integrity Commission | 15 - 100 Employees | (212) 437-0500 |

Street Address

100 CHURCH ST 20th floor

NEW YORK, NY 10007

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Business Integrity Commission | | |

Street Address — City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Color, Disability, Race, Retaliation, Sex | 08/22/2022 | 10/11/2022 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I was employed by the Business Integrity Commission from on or about September 9, 2019, until October 11, 2022, as a Community Associate, where I was harassed with disparaging remarks and increased scrutiny on the need to care for my child with a disability from my superiors. I faced scrutiny regarding childcare and my marital status, particularly being a single mother. As the only African American mother serving the department then, I experienced exclusion from work, deprivation of opportunity, unfair compensation, and treatment. On August 1, 2022, I complained to the agency's Chief Diversity Officer, where my treatment worsened, filing a formal complaint on August 22, 2022, and an additional complaint on September 6, 2022. The consistent unwanted retaliatory harassment, conduct, and disparate treatment led me to resign from my position on October 11, 2022. I believe that I was discriminated against by being subjected to unwanted harassment and disparaging remarks and comments, all based on my race, sex, color, and child's disability, in violation of Title VII, of the Civil Rights Act of 1964 as amended and the ADA act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Alexis F. Harvey**<br>**06/15/2023**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

Page 1 of 2

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.