UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXIS F. HARVEY,

                      Plaintiff,

-against-

BUSINESS INTEGRITY COMMISSION;
CINDY HASKINS; DAVID A. FELDMAN;
ELIZABETH CROTTY; DAVID MANDELL;
TETIANA GELETEI,

                      Defendants.

24-CV-924 (JGLC)

**ORDER OF SERVICE**

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and state law. She alleges that her former employer, the New York City Business Integrity Commission (BIC), discriminated against her based on her race, color, and sex. The complaint might also be liberally construed as asserting claims under the Family and Medical Leave Act (FMLA), and claims for association discrimination in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117. By order dated February 9, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

A.      **Individual Defendants**

Plaintiff names five individuals as defendants in the caption of the complaint: Cindy Haskins; David Feldman; Elizabeth Crotty; David Mandell; and Tetiana Geletei. Plaintiff invokes Title VII as a basis for her claims, but Title VII does not provide for individual liability. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004). The ADA also does not provide for individual liability. *See Oren v. Franklin Square Pub. Libr.*, No. 20-CV-0425, 2023 WL 5279384, at *9 (E.D.N.Y. Jan. 31, 2023); *Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 450 (W.D.N.Y. 2006) ("It is well-settled in the Second Circuit that individual employees, including supervisors, cannot be held personally liable for violations of the ADA.") (citing *Corr v. MTA Long Island Bus.*, 199 F.3d 1321 (2d Cir. 1999)). Liability for individual defendants may be available in some employment discrimination situations under state law. For example, an individual "who actually participates in conduct giving rise to a discrimination claim may be held personally liable" under the New York State Human Rights Law. *Tomka*, 66 F.3d at 1317.

Here, however, although Plaintiff names five individuals as defendants in the caption of the complaint, she has not mentioned any of these individuals by name in the body of the complaint, or pleaded facts about what any individual defendant did or failed to do that violated her rights. The complaint thus fails to state any claim on which relief can be granted against Defendants Haskins, Feldman, Crotty, Mandell, and Geletei. The Court therefore dismisses these defendants, without prejudice to Plaintiff's repleading her claims against them in any amended complaint that she may file, consistent with Rule 15 of the Federal Rules of Civil Procedure.

**B.     Service on the BIC and the City of New York**

The BIC is an agency of the City of New York, and the Court therefore directs the Clerk of Court to add the City of New York as a defendant in this matter. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); N.Y.C. Admin. Code § 16-504 (listing powers and duties of the BIC).

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants BIC and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summons are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses, without prejudice to refiling, Plaintiff's claims against Defendants Haskins, Feldman, Crotty, Mandell, and Geletei, for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a defendant in this matter. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further directed: (1) to mail an information package to Plaintiff; and (2) to issue summonses for Defendants BIC and the City of New York, complete the USM-285 form with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 20, 2024
New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Business Integrity Commission
   100 Church Street, 20th Floor
   New York, NY 10007

2. City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007